UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 1:07-cr-209 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| DWIGHT LATHAM, ) | |
| Defendant. ) | |
| ) | |

## OPINION REDUCING SENTENCE UNDER FIRST STEP ACT

In June 2019, the Court granted Defendant Dwight Latham's motion for a sentence reduction under the First Step Act and reduced his sentence from life to 360 months. The Court used an approved form, AO 247, for the order. (ECF No. 164.) On appeal, the Sixth Circuit held that the Court did not provide an adequate explanation for rejecting Defendant's argument for a further reduction. (ECF No. 169.) The circuit court vacated the order and remanded the matter. The Court requested and both parties have filed supplemental briefs. (ECF Nos. 172 and 173.) The Court grants Defendant's motion (ECF No. 158) and will reduce his sentence.

A.

The Court already found Defendant eligible for a sentence reduction under the First Step Act, a conclusion with which both parties agree. The First Step Act amended the threshold quantities of crack cocaine for Defendant's offense of conviction. Under the approach explained in *United States v. Boulding*, 960 F.3d 774, 781-82 (6th Cir. 2020), Defendant is eligible for resentencing.

B.

The Court must next determine Defendant's amended guidelines range as he is entitled to "an accurate calculation of the guidelines range at the time of resentencing[.]" *Boulding*, 960 F.3d at 784. When Defendant was sentenced in 2008, his guidelines range was 360 to life. Defendant was convicted of violating 21 U.S.C. § 846 and §841(a). He penalty fell under § 841(b)(1)(A). In 2008, § 841(b)(1)(A) contained a statutory minimum of 10 years and a statutory maximum of life. 21 U.S.C. § 841(b)(1)(A) (2006). If the defendant committed a violation after "two or more prior convictions for a felony drug offense have become final, such person shall be sentence to a mandatory term of lime imprisonment without release[.]" *Id.* Defendant had a total offense level of 37 under USSG § 4B1.1(b)(A) because his statutory maximum was a life sentence. Defendant had a criminal history category VI because he was considered a career criminal under 4B1.1(a). Before trial, the Government filed notice under 21 U.S.C. § 851 of Defendant's prior convictions. (ECF No. 40.) Because Defendant had two prior felony drug convictions, § 841(b)(1)(A) required the Court to sentence Defendant to life imprisonment.

The Court concludes Defendant's amended guidelines range has not changed. The Government has consistently argued that Defendant's guidelines range remains unchanged because he faces a statutory maximum of life. (ECF No. 159 PageID.1751-52; ECF No. 173 PageID.1820-21.) Under the First Step Act, the penalty for Defendant's crime of conviction falls under § 841(b)(1)(B), not (b)(1)(A). The jury found that Defendant's conduct involved 50 grams or more of crack cocaine and § 841(a)(1)(A) now requires 280 grams. Under the current version of § 841(b)(1)(B), the statutory minimum is five years and the statutory

maximum is 40 years. However, because the Government provided notice of prior convictions under § 851, the statutory enhancement applies and Defendant's statutory maximum remains life imprisonment.[1] He also remains a career offender under § 4B1.1(a).[2] His total offense level and his criminal history category remain 37 and VI respectively.

## C.

Defendant contends he should not be considered a career criminal, citing *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). The parties and this Court are well versed in the details of the *Havis* opinion, which need to be discussed here.

For the purposes of the Sentencing Guidelines, Defendant's prior state convictions for possession with the intent to distribute controlled substances qualify as controlled-substance offenses following *Havis*. *See United States v. Ash*, —F. App'x—, 2021 WL 53261, at *3 (6th Cir. Jan. 6, 2021) (citing *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020 (per curaim)); *United States v. Hill*, 982 F.3d 441, 443-44 (6th Cir. 2020); *United States v. Michael*, —F. App'x—, 2020 WL 7238420, at *5 (6th Cir. Dec. 9, 2020) (rejecting the argument as part of a motion under the First Step Act and citing *United States v. Elliott*, —F. App'x—, 2020 WL6746990, at *5 (6th Cir. Nov. 17, 2020)).

---

[1] The First Step Act changed the phrase used in § 841(b)(1)(B) and the definition of what constitutes a prior drug conviction for the purpose of the statutory enhancement. *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019.) That change to the statute, however, is not retroactive. *See id. Accord, United States v. Keen*, 819 F. App'x 735, 737 (11th Cir. 2020); *United States v. Grant*, 813 F. App'x 246, 249 (8th Cir. 2020) (citing, *inter alia*, *Wiseman*).

[2] The Sixth Circuit wrote that ". . . Latham would not qualify as a career offender if he were initially sentenced today. *See* First Step Act of 2018, § 401(a)." (ECF No. 169 PageID.1790.) The Court agrees that, if he were sentenced today, Defendant's prior drug felony convictions would not constitute "serious drug felony," as that phrase is defined. Defendant's status as a career offense, however, is not determined by the § 401(a) of the First Step Act but by § 4B1.1(a) of the Sentencing Guidelines.

D.

After the Court identifies the correct guidelines range, it must engage in a "thorough renewed consideration of the § 3553(a) factors." *Boulding*, 960 F.3d at 784. "While a district court need not explicitly recite a list of the § 3553(a) factors, it must provide a reasoned explanation sufficiently thorough to permit meaningful appellate review." *United States v. Ware*, 964 F.3d 482, 487 (6th Cir. 2020) (cleaned up and quoting *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006)).

The Court has considered all of the § 3553(a) factors as well as Defendant's efforts at rehabilitation following his conviction, *see United States v. Allen*, 956 F.3d 355, 357-58 (6th Cir. 2020). The nature and circumstances of the offense are serious. A jury found Defendant guilty of conspiring to distribute crack cocaine. Defendant had two prior convictions for similar crimes. And, the record contains evidence that Defendant had been selling crack cocaine for at least two years before his arrest. Also important to this Court's decision, the record contains evidence that Defendant attempted to obstruct justice after his arrest by influencing the testimony of witnesses. On these facts, a lengthy sentence is needed to show the seriousness of the crime, to deter the Defendant specifically and others generally, and to protect the public.

The Court acknowledges that Defendant has used his time in custody productively. He has earned his GED and completed more than two dozen educational courses. Also important to the decision, Defendant's supervisor for his prison work assignment has written favorably about Defendant, finding him to be polite, a hard worker and someone who does

not complain or cause problems. Defendant is now 37 years old and has been in federal custody for approximately 13 years, about one-third of his life.

The Court will sentence Defendant to 324 months imprisonment, a term below the advisory guidelines range. The sentence sufficiently serves the § 3553(a) factors discussed above, while not unnecessarily punishing Defendant. The sentence recognizes Defendant's efforts at rehabilitation.

Accordingly, Defendant's motion for a reduction in sentence under the First Step Act. (ECF No. 158.) An order contemporaneous with the Opinion will reflect that Defendant is sentenced to 324 months imprisonment. All other aspects of Defendant's sentence remain.

Date:  January 14, 2021                                          /s/ Paul L. Maloney
                                                                                                                   Paul L. Maloney
                                                                                                                    United States District Judge